# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RLI INSURANCE COMPANY,

    Plaintiff,

v.                                                           Case No: 8:20-cv-2395-CEH-AEP

OUTSIDEIN ARCHITECTURE, LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Strike Affirmative Defenses to the Complaint and Incorporated Memorandum of Law [Doc. 18], Defendant's Response in Opposition [Doc. 22], Plaintiff's Supplemental Brief in Support of its Motion to Strike the Sixth Affirmative Defense [Doc. 29], and Defendant's Response to the Supplemental Brief [Doc. 30]. Having been duly advised, the Court will **DENY** the motion to strike.

### Background

Plaintiff RLI Insurance Company filed this action for damages and declaratory relief under 28 U.S.C. § 2201 to establish there is no coverage under a claims-made and reported, professional liability insurance contract issued to its insured Outsidein Architecture. [Doc. 1 ¶¶ 1, 25]. The Complaint alleges that a claim was made against Defendant before Plaintiff's policy period, which commenced on March 18, 2020, but was not disclosed in Defendant's insurance application. *Id.* ¶¶ 22-24, 31. Plaintiff

therefore alleges that it has no duty to defend or indemnify Defendant in the lawsuit relating to the claim that was made before the policy period. *Id.* ¶¶ 32, 36, 41, 50. The Complaint asserts claims for no coverage under the terms and exclusions of the policy (Counts I -III), recission of the policy (Count IV), and reimbursement (Count V).

Defendant answered the complaint and asserted various affirmative defenses. [Doc. 12]. Plaintiff moved to strike several of the affirmative defense, pursuant to Federal Rule of Civil Procedure 12(f), including Defendant's first, second, third, fourth, fifth, seventh, eighth, tenth, and eleventh affirmative defenses. [Doc. 18 at p. 1]. Plaintiff argues that these affirmative defenses are redundant denials or simply not legally valid defenses under Florida law. In response, Defendant contends its defenses are legally sufficient and present relevant legal issues and bona fide issues of fact. [Doc. 22 p. 2]. After the Court heard arguments, Defendant withdrew its Sixth Affirmative Defense alleging bad faith. [Doc. 30 ¶ 4].

## Discussion

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *S.Y. v. Naples Hotel Co.*, No. 2:20-CV-118-JES-MRM, 2020 WL 4504976, at *5 (M.D. Fla. Aug. 5, 2020) (quoting *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008)). Striking matters from a pleading is a drastic remedy and is disfavored. *See Thompson v. Kindred Nursing Centers E., LLC,* 211 F. Supp. 2d 1345, 1348 (M.D. Fla.

2

2002); *Hill v. State Farm Ins. Co.*, 181 F. Supp. 3d 980, 988 (M.D. Fla. 2016). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *Antoine v. Sch. Bd. of Collier Cty., Fla.*, No. 2:16-CV-379-DNF, 2019 WL 913358, at *2 (M.D. Fla. Feb. 25, 2019) (stating same).

Having considered the Affirmative Defenses at issue,[1] they are not legally insufficient or redundant. Additionally, it has not been established that the affirmative defenses bear no possible relationship to the controversy. Rather, they are relevant to factual and legal issues presented in this case and they include much more than just a denial of various paragraphs from the complaint. In fact, the affirmative defenses provide adequate information to give Plaintiff sufficient notice of the arguments asserted by Defendant. As such, the motion to strike is **DENIED**.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion to Strike Affirmative Defenses to the Complaint and Incorporated Memorandum of Law [Doc. 18] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 14, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:

---

[1] This excludes the Sixth Affirmative Defense alleging bad faith, which has been withdrawn.

Counsel of Record and Unrepresented Parties, if any