UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RLI INSURANCE COMPANY,

    Plaintiff,

v.                                      Case No. 8:20-cv-2395-CEH-AEP

OUTSIDEIN ARCHITECTURE, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiff's Motion for Attorney Fees and Costs (Doc. 97). Defendant timely filed its Response (Doc. 98), and this Court granted leave for Plaintiff to file a Reply (Docs. 99–101). Later, Plaintiff filed a Notice of supplemental authority (Doc. 104). This Court held a hearing on the matter on November 20, 2023 (Docs. 103, 105–06). After reviewing the filings and arguments at the hearing, for the reasons stated below, it is recommended that Plaintiff's Motion (Doc. 97) be denied.

### I.    Factual and Procedural Background

Plaintiff initiated this action on October 13, 2020, seeking a declaration that it had no duty to defend or indemnify Defendant in the Underlying Action[1] (Doc. 1).

---

[1] The Underlying Action arose from a death that occurred on June 10, 2019, during demolition at a construction site in Puerto Rico for a project which Defendant was the architect. Docs. 62-8, at 2; 73-2, at 2; 77 ¶¶ 2, 8. On July 15, 2020, the decedent's estate sued Defendant and other entities affiliated with the construction project. Doc. 77 ¶ 14. Defendant

Plaintiff asserted that there was no professional liability coverage for four reasons: (1) Defendant's claim was first made before the Policy period (Count I); (2) Defendant had "Prior Knowledge of the claim in the Underlying Action as defined in the Policy which precludes coverage (Count II); (3) the "Prior Notice" exclusion applies (Count III); and (4) the Policy is void under the recission doctrine due to material misrepresentations in the application (Count IV) (Doc. 1). Defendant filed a counterclaim for breach of contract (Doc. 12).

On June 25, 2021, Plaintiff served a Proposal for Settlement on Defendant (Doc. 97-1). The Proposal states that it was offered to "resolve[] all claims and counterclaims that [Defendant] has asserted or could ever assert against [Plaintiff] in the lawsuit filed by [Plaintiff] against [Defendant] in the U.S. District Court for the Middle District of Florida, Case No. 8:20-CV-02395." (Doc. 97-1, at 2). The attached Settlement Agreement offered to pay Defendant $1,000.00 to settle the Coverage Action (Doc. 97-1, at 5). The Coverage Action is defined as

> [Plaintiff] sued [Defendant] in the United States District Court for the Middle District of Florida, Case No. 8:20-cv-02395 ("COVERAGE ACTION"), for a declaration that it does not owe coverage for the UNDERLYING ACTION under the POLICY. Alternatively, [Plaintiff] seeks rescission of the POLICY because [Defendant] failed to disclose its knowledge and notice in its application for insurance to [Plaintiff].

(Doc. 97-1, at 5).

On September 11, 2023, the Court entered an Order (Doc. 92) ruling on

---

maintained a professional liability insurance policy with Plaintiff that was active between March 2020 and March 2022. Doc. 77 ¶ 13.

2

various motions, including the parties' cross-motions for summary judgment. The Court concluded that a strict reading of the policy language did not preclude coverage under the Related Claims provision, the Prior Notice exclusion, or the Prior Knowledge provision, with or without consideration of extrinsic evidence (Doc. 92, at 34). However, it agreed with Plaintiff that Defendant made material misrepresentations on the policy application that voided the policy under the rescission doctrine (Doc. 92, at 34). The Court ultimately found that Plaintiff was entitled to summary judgment in its favor on Count IV of the Complaint as to its duty to defend and indemnify Defendant (Doc. 92, at 59). In doing so, the Court denied Defendant's motion for summary judgment on its Counterclaim, noting that Plaintiff did not move for summary judgment on the Counterclaim (Doc. 92, at 60–61). The Court then entered Declaratory Judgment in favor of Plaintiff as to Defendant's Counterclaim (Doc. 94). Plaintiff now moves for an award of attorneys' fees and costs, which has been referred to the undersigned for consideration (Doc. 97).

## II.    Discussion

Plaintiff seeks a determination of entitlement to an award of attorney's fees and costs based on its proposal for settlement pursuant to Section 768.79, Florida Statutes. Defendant opposes this award, arguing that application of Section 768.79 here would be improper as the instant matter is not a civil action for damages but rather is one for declaratory relief. Section 768.79 provides in pertinent part that:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs

3

> and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

§ 768.79(1), Fla. Stat. (2011). The Florida Supreme Court has affirmed that the Florida Legislature enacted this section to deter individuals from rejecting purportedly reasonable settlement offers through the imposition of the sanctions of costs and attorney's fees. *See Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So.3d 73, 79 (Fla. 2012); *Diamond Aircraft Industries, Inc. v. Horowitch*, 107 So.3d 362, 372 (Fla. 2013).

From its plain language, Section 768.79 is limited to a "civil action for *damages*." Fla. Stat. § 768.79(1) (emphasis added). Thus, this provision may not extend to "nonmonetary claims." *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 506–07 (11th Cir. 2021)[2] (quoting *Diamond Aircraft*, 107 So. 3d at 374–75). The Florida Supreme Court in *Diamond Aircraft* serves as the foundation for the extent to which fees may be granted under Section 768.79 in civil actions where damages are not the only relief sought. There, the Supreme Court held that Section 768.79 does not apply where a plaintiff asks for "both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims." *Diamond Aircraft*, 107 So. 3d at 374.

---

[2] Unpublished Eleventh Circuit opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Yet, the inclusion of a nonmonetary claim for relief in an offer of judgment is not always dispositive as to whether Section 768.79 applies. *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-VMC-CPT, 2023 WL 6345332, at *7 (M.D. Fla. Aug. 15, 2023), *report and recommendation adopted*, No. 8:17-CV-2832-VMC-CPT, 2023 WL 6284685 (M.D. Fla. Sept. 27, 2023); *B & D Nutritional*, 855 F. App'x at 506–07; *Diamond Aircraft*, 107 So. 3d at 373. Specifically, in *Diamond Aircraft*, the Florida Supreme Court cited two cases to support this proposition. In *Nelson v. Marine Group of Palm Beach, Inc.*, 677 So. 2d 998 (Fla. Dist. Ct. App. 1996), the plaintiff sought a declaration that it could retain an escrow deposit arising from a breach of contract claim. *Diamond Aircraft*, 107 So. 3d at 373 (citing *Nelson*, 677 So. 2d at 999). There, the court held that the dispute over the money held in escrow framed the matter as an action for damages, and therefore, the application of Section 768.79 was appropriate. *Id.* Additionally, in *DiPompeo Construction Corp. v. Kimmel & Associates, Inc.*, 916 So.2d 17, 17–18 (Fla. 4th DCA 2005), the plaintiff filed a declaratory action requesting that the trial court declare that a contract did not exist and, therefore, the plaintiff was not liable to the defendant for money owed under that contract. *Diamond Aircraft*, 107 So. 3d at 373. The plaintiff served an offer of judgment on the defendant, ultimately prevailed in the litigation, and then sought recovery of attorney's fees under section 768.79. *Id.* The trial court denied the motion for attorney's fees, but on appeal, the Fourth District reversed and held that section 768.79 applied. *Id.* The court concluded that the plaintiff's claim may be categorized as an action for damages

5

because the real issue before the court was whether the plaintiff owed money to the defendant. *Id.* In sum, the Florida Supreme Court in *Diamond Aircraft* made room for Section 768.79 to apply despite the presence of declaratory judgment claims when monetary relief was the remedy actually in question. *Diamond Aircraft*, 107 So. 3d at 373.

However, this proposition is not absolute. The Florida Supreme Court in *Diamond Aircraft* also evaluated *Nat'l Indem. Co. of the South v. Consolidated Ins. Servs.*, 778 So. 2d 404 (Fla. Dist. Ct. App. 2001), where the plaintiff sought a declaration that an insurance policy was in full force and effect on the day that the underlying tort occurred. *Diamond Aircraft*, 107 So. 3d at 373. There, the plaintiff did not request payment of any money or damages, and thus no civil action for damages existed for the purposes of Section 768.79. *Id.* Accordingly, the court found that the "real issue" in that lawsuit was "insurance coverage for an underlying tort action," as demonstrated by the specific type of declaratory relief sought. *Id.* (quoting *Nat'l Indem. Co.*, 778 So.3d at 408).

From this foundation in *Diamond Aircraft*, later courts considering whether to enforce an offer of judgment in suits containing a nonmonetary claim have evaluated if the "true relief" sought is monetary at its core. *B & D Nutritional*, 855 F. App'x at 506–07 (citing *Tower Hill Signature Ins. Co. v. Javellana*, 238 So. 3d 372, 377 (Fla. Dist. Ct. App. 2017)). If a case contains both monetary and nonmonetary claims but the "true relief" sought is a monetary sum, such as where "success on [the] equitable

6

claim[ ] would simply result in an award of damages," then the award of attorney's fees under Section 768.79 is appropriate. *Id.*

The Eleventh Circuit applied the "true relief" approach in *Yacht Club on the Intracoastal Condominium Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 883–84 (11th Cir. 2015). In that case, the plaintiff suffered property damages due to a hurricane and filed suit against the defendant insurer, asserting claims for a declaratory judgment and for breach of contract. *Id.* at 877–78, 883. The plaintiff's equitable claim sought a declaration that the "policy [at issue] was valid and enforceable, that [the plaintiff] had a valid and enforceable right to property coverage for the hurricane damage, that certain provisions in the insurance policy were void and unenforceable, and that [the plaintiff] had a right to coverage under the policy for its . . . damages." *Id.* at 883–84. The defendant prevailed and was awarded fees by the district court. *Id.* at 883. The plaintiff appealed, arguing that the defendant could not enforce an offer of judgment pursuant to Section 768.79 in light of the plaintiff's declaratory judgment claim. *Id.* The Eleventh Circuit found the plaintiff's argument unpersuasive, reasoning:

> It is clear that under *Diamond Aircraft*, we must reject [the plaintiff's] argument that attorney's fees under [section] 768.79 are not available in any case in which a declaratory judgment accompanies a claim for damages. While the Florida Supreme Court found that cases seeking both monetary and non-monetary relief are not eligible for attorney's fees under [section] 768.79, by citation to *Nelson* and *DiPompeo*[ ], it reiterated that a court should look behind the procedural vehicle used in a complaint to discern what true relief is sought.

7

*Id.* Using the "true relief" test, the court in *Yacht Club* noted that the plaintiff's success on its declaratory judgment request would have resulted in a sum of money and concluded that "the only dispute in the suit was one for damages." *Id.* at 884.

In *Highland Holdings, Inc. v. Mid-Continent Casualty Co.*, 725 F. App'x 906 (11th Cir. 2018) (per curiam), the Eleventh Circuit determined that the trial court did not err by denying a motion for fees under Section 768.79 where the complaint contained claims for a declaratory judgment and for breach of contract. *Id.* at 907–08. There, the plaintiffs sued the defendant insurer, claiming that they were entitled to indemnification from the defendant as part of their declaratory judgment claim. *Id.* at 907. The plaintiffs later added a claim for breach of contract after settling an underlying dispute. *Id.* As part of their breach of contract claim, the plaintiffs requested a "declaration of insurance coverage and a judgment in the amount of the settlement they had paid to the third party." *Id.* at 908. After briefly analyzing the matter and without expressly referencing the "true relief" test, the Eleventh Circuit found that the complaint "contained two independent, significant claims, such that it could be characterized only as an action for both damages and non-monetary, declaratory relief." *Id.* (citing *Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass'n, Inc.*, 22 So.3d 140, 143 (Fla. Dist. Ct. App. 2009)). The Eleventh Circuit distinguished *Highland Holdings* from the facts in *Nelson*, where "the only issue in dispute was their entitlement to money," even though the action there was also brought for declaratory judgment. *Id.* Accordingly, the Eleventh Circuit held that

because the plaintiffs sought "both monetary and nonmonetary relief, and [the plaintiff] ma[de] a general offer of settlement, section 768.79 is not applicable." *Id.* (quoting *Diamond Aircraft*, 107 So.3d at 373).

More recently, in *Illoominate Media, Inc. v. CAIR Florida, Inc.*, 2022 WL 4589357 (11th Cir. Sept. 30, 2022) (per curiam), the Eleventh Circuit used the "true relief" test in resolving an attorneys' fees dispute which stemmed from allegations that the defendants had a hand in convincing Twitter to ban an account belonging to one of the plaintiffs in the action. *Id.* at *1. Plaintiffs sought "'damages in an amount to be proved at trial' and (without elaboration) 'preliminary and permanent injunctions to prevent [the] defendants from continuing their unlawful conduct.'" *Id.* at *2. Yet, the plaintiffs "never filed a motion for a preliminary injunction or temporary restraining order" in state or federal court. *Id.* The defendants ultimately prevailed in the litigation and were awarded fees by the district court pursuant to Section 768.89 based on an earlier offer of judgment they made to the plaintiffs. *Id.* at *1–2.

On appeal, the Eleventh Circuit upheld the district court's decision to apply Section 768.89 because it determined that the complaint sounded entirely in damages despite the presence of an injunctive relief claim. *Id.* at *3. Citing *Diamond Aircraft*, the Eleventh Circuit noted that the Florida Supreme Court endorsed utilizing Section 768.79 in "cases that involve[d] a notional nonmonetary claim, but that actually involved disputes solely over monetary" relief. *Id.* at *2. The Eleventh Circuit further observed that the "Florida state courts interpret[ed] Diamond Aircraft by looking beyond the procedural posture of a complaint to assess the 'true relief' a party [sought],

and [then] appl[ied] section 768.79 if it [was] damages." *Id.* (citing *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1287 (Fla. Dist. Ct. App. 2016)). Because the plaintiffs "made only a glancing gesture toward injunctive relief . . . and then totally failed to pursue it," the Eleventh Circuit determined that the "true relief" sought was for damages, and thus, applying Section 768.79 was appropriate. *Id.* at *3 ("To hold otherwise would defeat the entire purpose of the Florida statute—any party could upend the law by inserting a single sentence into its pleadings.").

Plaintiff here specifically cites to *Yacht Club*; *Illoominate Media, Inc.*; and *Endurance Am. Specialty v. Liberty Mut. Ins.*, No. 8:17cv2832, 2023 WL 6345332 (M.D. Fla. Aug. 15, 2023), *adopted* 2023 WL 6284685 (M.D. Fla. Sept. 27, 2023), in arguing that the "true relief" approach as used in those cases supports Plaintiff's entitlement to an award of attorney's fees and costs based on its proposal for settlement pursuant to Section 768.79. Plaintiff primarily clings to Defendant's counterclaim for breach of contract requesting damages as evidence that the true relief sought in this case is monetary. Plaintiff also argues that because the complaint requested reimbursement of defense expenses incurred in the underlying action then real issue at the heart of this case is monetary, thereby implicating Section 768.79. Upon review of the filings and arguments made at the hearing, the undersigned finds that Plaintiff's position unpersuasive, and the instant matter is distinguishable from the cases cited by Plaintiff.

The "true relief" sought here is a declaration as to whether there was a duty to defend or indemnify or in the alternative, a determination if recission was appropriate. Plaintiff argues that this circumstance falls into the narrow "true relief" exception

10

carved out from the general proposition in *Diamond Aircraft*. However, the record is bleak in demonstrating that the true relief sought here was monetary. Defendant's counterclaim is the only mention in the entirety of the litigation about damages (Doc. 12, ¶ 19). Even given that, Plaintiff did not move for summary judgment on Defendant's counterclaim, as noted by this Court (Doc. 92, at 60), and Defendant's cross summary judgment motion did not request damages. Plaintiff attempts to adopt such reference to damages by arguing that the proposal for settlement is all inclusive of claims in the action (Doc. 97-1, ¶ 5). Plaintiff heavily relies on *Yacht Club* and *Endurance* to substantiate its claim for an award under Section 768.79. Prior case law has created two distinct classes of these dual monetary mixed with equitable relief matters. *Yacht Club* and *Endurance* denote instances in which the non-monetary claim was so subsumed in the monetary aspect of the action that it can be fairly said that the "true relief" sought was monetary. On the other hand, a case like *Highland Holdings* demonstrates the circumstance where the monetary and non-monetary relief were not so intertwined such that money damages would result from the plaintiff's success or even so explicitly requested. The undersigned believes that the instant case is more closely aligned with *Highland Holdings* when employing the "true relief" test.

The non-monetary relief requested in *Yacht Club* was "a declaration that the . . . policy [at issue] was valid and enforceable, that [the plaintiff] had a valid and enforceable right to property coverage for the hurricane damage [in question], that certain provisions in the insurance policy were void and unenforceable, and that [the plaintiff] had a right to coverage under the policy for its . . . damages." *Yacht Club*, 599

11

F. App'x at 883–84. Similar relief was sought in *Endurance*. 2023 WL 6345332, at *2, *10. In both cases, the court categorized the true relief as monetary because the plaintiff's success on the declaratory action gave rise to an award of damages, thereby revealing the heart of the dispute. Conversely, the court in *Highland Holdings* described that claim at issue as simply one for a declaration of insurance coverage which did not distill the dispute to an entitlement to money. *Highland Holdings*, 725 F. App'x at 908. Likewise, the relief sought by Plaintiff, as evidenced by the record and focus of the pleadings, was a declaration that there was no duty to defend or indemnify Defendant in the Underlying Action, or alternatively a recission of the policy. Plaintiff did not request damages in its Complaint and has not made a showing that the center of the dispute is an entitlement to money damages. Thus, the true relief sought in this matter is non-monetary. *See Nat'l Indem. Co.*, 778 So.2d at 408 (determining declaration of whether insurance policy was in effect on the day of an underlying tort action was not a civil action for damages under Section 768.79 because the "real issue" in the case was insurance coverage and no money damages were directly requested).

In addition, Plaintiff asserts that the true relief in this matter is monetary because it may be entitled to such costs and expenses related to the Underlying Action. But this claim for costs and expenses related to the Underlying Action does not exist and are merely conditioned on a future event yet to occur. As a result, Plaintiff cannot claim that the request for nonexistent damages is the true relief sought in this case.

The parties faintly alluding to a request for damages no more than three times over the course of a three-year action can hardly serve as the basis to conclude that the

true relief of this matter is for monetary relief. As such, like the plaintiffs in *Illoominate Media*, Plaintiff here only made, at best, a "glancing gesture" toward monetary relief, and "then totally failed to pursue it." *See Illoominate Media, Inc.*, 2022 WL 4589357, at *3. Thus, the true relief sought in this action was for declaratory relief and not monetary damages. To decide otherwise would allow Plaintiff here to "upend the law by inserting a single sentence into its pleadings." *Id.* Accordingly, Section 768.79 is not applicable here because the true relief sought in this matter is nonmonetary in nature.[3]

### III. Conclusion

Plaintiff seeks a determination of entitlement to an award of attorney's fees and costs based on its proposal for settlement pursuant to Section 768.79, Florida Statutes. Defendant opposes this award, arguing that application of Section 768.79 here would be improper as the instant matter is not a civil action for damages but rather is one for declaratory relief. After reviewing the arguments and applicable case law, it is hereby RECOMMENDED that Plaintiff's Motion (Doc. 97) be DENIED.

IT IS SO REPORTED in Tampa, Florida, on this 21st day of December, 2023.

---

[3] In finding that Section 768.79 does not apply, this Court need not scrutinize whether Plaintiff's Proposal for Settlement was made in good faith. Despite this, a cursory review of the matter indicates that Plaintiff's offer may be called into question as to its good faith. In the complaint, Plaintiff claims that recission of the contract is appropriate. As a result of recission, Plaintiff was required to return the deposit money to Defendant in the amount of $26,524.00. Instead, Plaintiff offered $1,000.00 in the Proposal for Settlement. It seems then that a good faith offer in this matter would have been, at a minimum, the deposit amount given the circumstances and Plaintiff's claims in the Complaint.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Charlene Edwards-Honeywell
      Counsel of Record