UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RLI INSURANCE COMPANY,

    Plaintiff,

v.                                      Case No. 8:20-cv-2395-CEH-AEP

OUTSIDEIN ARCHITECTURE, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Taxation of Costs (Doc. 96). Plaintiff initiated this action on October 13, 2020, seeking a declaration that it had no duty to defend Defendant in the Underlying Action[2] (Doc. 1). Plaintiff asserted that there was no professional liability coverage for four reasons: (1) Defendant's claim was first made before the Policy period (Count I); (2) Defendant had "Prior Knowledge of the claim in the Underlying Action as defined in the Policy which precludes coverage (Count II); (3) the "Prior Notice" exclusion applies (Count III); and (4) the Policy is void under the recission doctrine due to material misrepresentations in the application (Count IV) (Doc. 1).

---

[2] The Underlying Action arose from a death that occurred on June 10, 2019, during demolition at a construction site in Puerto Rico for a project which Defendant was the architect. Docs. 62-8, at 2; 73-2, at 2; 77 ¶¶ 2, 8. On July 15, 2020, the decedent's estate sued Defendant and other entities affiliated with the construction project. Doc. 77 ¶ 14. Defendant maintained a professional liability insurance policy with Plaintiff that was active between March 2020 and March 2022. Doc. 77 ¶ 13.

Defendant filed a counterclaim for breach of contract (Doc. 12). The District Judge entered summary judgment in favor of Plaintiff and against Defendant on Count IV of the Complaint (Doc. 92), with judgment subsequently entered (Doc. 94). By the instant motion, Plaintiff, as the prevailing party, seeks an award of costs (Doc. 96). *See* Fed. R. Civ. P. 54(d). Specifically, Plaintiff seeks costs in the amount of $11,180.07, which includes costs (1) for filing fee to the clerk to initiate this action in the amount of $400; (2) for the costs of service of process to Defendant, ($135.20), and service of subpoenas to the several entities and individuals primarily located in Puerto Rico in the amount of $3,120.00; and (3) for the costs of deposition transcripts and copies of exhibits in the amount of $7,659.87 (Doc. 96).

Although the motion indicates that Defendant opposes the requested relief (Doc. 96, at 9), Defendant failed to submit a response in opposition, and the time for doing so has lapsed (*See* Doc. 98 (responding only to Doc. 97 Plaintiff's Motion for Attorney Fees)). Accordingly, the Motion is considered unopposed. M.D. Fla. R. 3.01(c). In light of this and for the reasons stated below, the instant Motion (Doc. 96) is granted in the amount of $11,049.07.

Under 28 U.S.C. § 1920, the following costs may be taxed by a judge or clerk of any federal district court:

>  (1) Fees of the clerk and marshal;
>
>  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>  (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6).  Plaintiff first requests costs for filing fee to the clerk to initiate this action in the amount of $400 (Doc. 96, at 3), which are authorized under 28 U.S.C. § 1920(1). Accordingly, Plaintiff is awarded costs in the amount of $400 for the filing fee to the Clerk of Court.

Plaintiff next requests costs of service of process to Defendant, ($135.20), and service of subpoenas to the several entities and individuals primarily located in Puerto Rico in the amount of $3,120.00 (Doc. 96, at 3–4). The Eleventh Circuit has held that private process server fees may be taxed under 28 U.S.C. § 1920(1), and the prevailing party may recover service of process costs for the complaint. *See Charles v. Home Depot*, No. 09-cv-61907, 2011 WL 1327341 (S.D. Fla. Mar. 17, 2011) (citing *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)); *Premier Trailer Leasing, Inc. v. DM World Transp., LLC*, No. 8:19-cv-2558, 2020 WL 8181665, at *5 (M.D. Fla. Dec. 31, 2020). Plaintiff states in the instant Motion that:

> RLI incurred a total of $3,120.00 for the costs of service of process to Defendant, Outsidein Architecture, LLC ($135.20), and service of subpoenas to the following entities and individuals primarily located in Puerto Rico, which had documents relevant to the rescission argument and other coverage defenses:
> - Non-party, Lexington Insurance Company ("AIG"): New York Office: $150.00 and Albany Office: $125
> - Non-party, Bird Group LLC: $175.00

3

- Non-party, Demex Environmental Group: $175.00
- Non-party Alcides A. Reyes Gilestra: $450.00
- Non-party IG Intergroup LLC: $525.00
- Non-party Mario Corsino of IG Intergroup, LLC: $150
- Non-party Raul Santiago Perez, Esq.: $590.00
- Non-party Tammy K. Johnson of Florida Design Insurance: $70.00
- Non-party Florida Design Insurance, LLC: $90.00
- Principal of non-party Demex Environmental Group, Jose Criado: $110, and
- Non-party New Hampshire Insurance Company: $125.

As an initial matter, the sum of the outlined list of service costs does not equal $3,120.00. It instead adds up to $2,870.20. Additionally, upon review of Exhibit A, there was a $150 service cost on Non-party, Lexington Insurance Company ("AIG") Wilmington, DE that was not included in the above list (Doc. 96-1, at 4). To further clarify, the Non-party, Lexington Insurance Company ("AIG"), New York Office cost was $125 rather than $150 (Doc. 96-1, at 18). The total amount for costs of service of process to Defendant and service of subpoenas to the several entities and individuals after crosschecking the documents provided in Exhibit A is $2,995.20. Accordingly, Plaintiff is awarded costs in the amount of $2,995.20 for the service of process fees.

Lastly, Plaintiff seeks for the costs of deposition transcripts and copies of exhibits in the amount of $7,659.87 (Doc. 96, at 5–7). Under 28 U.S.C. § 1920(2), the prevailing party to recover costs incurred for obtaining deposition and hearing transcripts. Section 1920(4) allows for the recovery of fees for exemplification and copies of any materials necessarily obtained for use in the case such as exhibits and transcripts. *Santidrian v. Landmark Custom Ranches, Inc.*, No. 08-60791, 2009 WL

4

3241987, at *2 (S.D. Fla. Oct. 5, 2009). The Eleventh Circuit has held that the costs for deposition transcripts are taxable when the deposition was "necessarily obtained for use in the case." *U.S. EEOC*, 213 F.3d at 623; *see also Jenkins v. Target Corp.*, No. 2021 WL 8917976, at *2 (M.D. Fla. Nov. 12, 2021). Depositions used in support of a motion for summary judgment have been deemed "necessarily obtained for use in the case." *Santidrian*, 2009 WL 3241987, at *2. Prevailing parties are also permitted to recover the costs for hearing transcripts under § 1920. *See Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV, 2014 WL 5325211, at *4 (S.D. Fla. Aug. 20, 2014).

> Plaintiff in the Motion states that:
>
> RLI incurred a total of $7,659.87 for the costs of deposition transcripts and copies of exhibits. See Bill of Costs and Hedquist & Associates Reports Invoices, Composite Exhibit "A." Specifically:
>
> - Hedquist, invoice # 123760: $363.00 – 02/24/2022 Deposition of RLI's corporate representative, Cory Figiel. This deposition was requested by OIA to prosecute its counterclaim against RLI. Ms. Figiel's deposition testimony was integral to RLI's defense of OIA's counterclaim, which it prevailed on. (D.E. 92; D.E. 93.)
> - Esquire Deposition Solutions, Invoice # INV2144695: $2,413.93- 03/02/2022 Deposition transcript of OIA's corporate representative, Darren Azdell. RLI moved to strike Azdell's declaration in support of OIA's cross motion for summary judgment because it was inconsistent with his testimony. (D.E. 68.) RLI also opposed OIA's cross motion for summary judgment, which included references to Azdell's testimony. (D.E. 74.)
> - Esquire Deposition Solutions, Invoice # INV2133797: $510.70 - 02/09/2022 Deposition transcript of Tammy K. Johnson. RLI quoted Mr. Johnson's testimony in its dispositive motion briefing. (D.E. 60, Pg. 12.)
> - Esquire Deposition Solutions, Invoice # INV2132123: $2,114.49 and video of witness: $345.00 - 02/18/2022 Deposition transcript of Alcides Reyes Gilestra, Esq. RLI quoted Mr. Gilestra's testimony in

- its dispositive motion briefing. (D.E. 60, Pg. 9-10, 17.) Since this key witness was located in Puerto Rico, his deposition was videotaped in order to preserve testimony for trial.
- Esquire Deposition Solutions, Invoice # INV2132831: $1,107.82 and $320 plus $75 video of witness - 02/21/2022 Deposition transcript of Alcides Reyes Gilestra, Esq. RLI quoted Mr. Gilestra's testimony in its dispositive motion briefing. (D.E. 60, Pg. 9-10, 17.)
- David Collier, invoice # 781: $160.05 – 02/23/22 Hearing transcript on motion for protective order regarding outstanding discovery. This hearing addressed RLI's right to obtain documents listed in OIA's privilege log. The Magistrate Judge agreed with RLI and the documents OIA produced were used in RLI's dispositive motion briefing.
- Esquire Deposition Solutions, invoice #INV2138328: $243.88 - 06/17/2019 Transcript of Tammy K. Johnson voicemail. RLI quoted Ms. Johnson's statement about OIA reporting a notice of circumstance to its prior insurer, in its motion for summary judgment.

(Doc. 96, at 6–7). Again, the sum of the outlined list of deposition transcripts and exhibit copies costs does not equal $7,659.87. It instead adds up to $7,653.87. Nevertheless, all of detailed deposition transcripts and exhibit copies were relied upon or addressed in various filings throughout the case, therefore meeting the "necessarily obtained for use in the case" standard. Accordingly, Plaintiff is awarded costs in the amount of $7,653.87 for the fees associated with obtaining deposition transcripts and copies of exhibits.

As a final note, Plaintiff has attached an invoice for the translation of electronic files and a deposition from Spanish into English in the amount of $3,912.60 but has not detailed this expense in the Motion (Doc. 96-1, at 29). However, to the extent that Plaintiff seeks costs for this translation expense by attaching it in Exhibit A, it must be denied. Section 1920's compensation of "interpreters" has been narrowly construed to allow "oral but not document

6

translation since the ordinary meaning of 'interpreter' is a person who orally translates." *Soares v. Goncalves*, No. 6:22-CV-1268-CEM-EJK, 2022 WL 18774816, at *2 (M.D. Fla. Nov. 18, 2022) (quoting *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2002–05 (2012)).

For the foregoing reasons, it is hereby

ORDERED:

    1.    Plaintiff's Motion for Taxation of Costs (Doc. 96) is GRANTED.

    2.    Plaintiff is awarded costs in the amount of $11,049.07.

DONE AND ORDERED in Tampa, Florida, on this 21st day of December, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record

7